PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1994 Chevrolet Silverado struck a broken stretch of road while he was traveling on Route 21 in Fayette County. Route 21 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on the morning of January 14,2004, a cold and clear morning. Route 21 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on Route 21 when he drove around a curve and noticed that the road dropped down about three or four inches. He stated that the drop off went all the way across the road and that there *30 was no way to avoid it. Mr. Martin testified that he had been driving at approximately thirty miles per hour due to the rough condition of the road when his vehicle hit the drop off. Claimant’s vehicle struck the drop off sustaining damage to the right rear tire and shock. Claimant’s vehicle sustained damage totaling $101.22.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 21 at the site of the claimant’s accident for the date in question.
Jerry Keffer, a Crew Leader for the respondent in Fayette County, testified that Route 21 had been sliding in this area for about two months prior to claimant’s incident. Mr. Keffer stated that on December 1,2003, crews for respondent had used 60 tons of hot mix to try to fix the problem on Route 21. He stated that there is a creek that inns near the road in that area and that the road is sliding into the creek. Mr. Keffer further stated that signs were placed along the road warning of a dip and rough road. Respondent maintains that it had no actual or constructive notice of any holes on Route 21.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the slide in the road which claimant’s vehicle struck and that the slide presented a hazard to the traveling public. Photographs in evidence depict the slide and provide the Court an accurate portrayal of the size and location of the problem area on Route 21. The size of the slide leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $101.22.
Award of $101.22.